IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:22-00067

LESLIE RUSSELL BURNEY


**MEMORANDUM OPINION AND ORDER**

On April 5, 2022, this matter was set for a plea hearing in which defendant was expected to plead guilty to a one-count information charging him with possession with intent to distribute a mixture and substance containing 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 841(a)(1).  At that hearing, counsel for defendant moved for a continuance of the plea hearing.  As grounds for a continuance counsel stated that additional time was necessary to go over relevant matters with defendant including a recently-received lab report.  The government had no objection to a continuance as long as the court tolled the Speedy Trial Clock. On March 30, 2022, the government and defendant requested that the court toll the Speedy Trial Clock and schedule a plea hearing.  Although the court granted the motion as to scheduling a plea hearing, it did not address the Speedy Trial Act.

Pursuant to the Speedy Trial Act ("STA" or "the Act"), 18 U.S.C. § 3161(b), an "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was

arrested or served with a summons in connection with such charges."  Another provision of the STA, provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1). Additionally, pursuant to 18 U.S.C. § 3164, the trial of a person "who is being held in detention solely because he is awaiting trial" must "commence not later than ninety days following the beginning of such continuance detention. . . ."  However, "[t]he periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section."  Id.

Counsel for defendant indicated that additional time would allow her to work toward securing a more favorable outcome for her client.  This is understandable given that the government's charging decision directly impacts a defendant's sentencing exposure.  Because failure to grant the requested continuance would likely result in a miscarriage of justice, the court finds that the ends of justice outweigh the best interest of the defendant and the public in a speedy trial, see 18 U.S.C. § 3161(h)(7)(A), and **GRANTS** the motion to continue and/or toll the

2

STA and asking for a finding of excludable time.  In so deciding, the court considered the factors outlined in 18 U.S.C. §3161(h)(7)(B) and found that failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    Accordingly, the court hereby **ORDERS** as follows:

1. A plea hearing in this matter is hereby scheduled for May 6, 2022, at 4:30 p.m., in Charleston;

2. Trial of this action is continued until May 10, 2022, at 9:30 a.m., in Charleston.  Jury instructions and proposed voir dire are to be filed by May 9, 2022;

3. All pretrial motions are to be filed by April 29, 2022;

4. A pretrial motions hearing is scheduled for May 6, 2022, at 4:30 p.m., in Charleston;

5. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time from the filing of the motion on March 30, 2022, until the trial is excludable for purposes of the Speedy Trial Act; and

6. The joint motion to waive indictment remains pending and will be addressed at the plea hearing.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

3

IT IS SO ORDERED this 7th day of April, 2022.

ENTER:

David A. Faber
Senior United States District Judge